FILED

2026 Jun-22  AM 10:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**NIKITRIS HARDY,**

    **Plaintiff,**

**v.**

**JOSEPH E. BULGARELLA,**

    **Trustee.**

**Case No. 2:26-cv-178-HDM**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff Nikitris Hardy's Renewed Petition for Mandatory Withdrawal of the Automatic Reference. (Doc. 1). For the reasons set forth herein, Hardy's motion is **DENIED**.

## I.    BACKGROUND

On September 8, 2025, Plaintiff Nikitris Hardy, with the assistance of counsel, voluntarily filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code. (Docs. 1-2 at 1; 5-1 at 1). The Clerk of Court assigned her case, *In re Nikitris Hardy*, No. 25-2707-TOM7 (Bankr. N.D. Ala. 2025), to this district's bankruptcy court, (doc. 1-2 at 1), and the case proceeded without issue for nearly five months, *see id.* at 1–6. On February 3, 2026, Hardy filed a "Notice of Pro Se Status and Relief

from Counsel," *id.* at 5, and her attorney withdrew from the case the following day, *id.* at 6.[1]

On February 4, 2026, Hardy, now representing herself, filed the Renewed Petition for Mandatory Withdrawal of the Automatic Reference presently before the court. (Doc. 1).[2] In that motion, Hardy argues that this court must withdraw her case from the bankruptcy court for direct adjudication "because resolution of the matters at issue requires determination of constitutional limits on Article I authority, including the Fifth Amendment right to be heard and the Article III adjudication of objections to proofs of claim affecting private property rights." *Id.* at 1. Hardy is proceeding *pro se* and, as a result, the court will consider her motion with "special care." *See, e.g.*, *Dean v. Barber*, 951 F.2d 1210, 1213 (11th Cir. 1992).

## II.   DISCUSSION

The United States Bankruptcy Code is codified in Title 11 of the United States Code. 11 U.S.C. §§ 101–1532. *See also Wood v. Ghuste*, 216 B.R. 1010, 1013

---

[1] On the same day she filed her "Notice of Pro Se Status and Relief from Counsel," Hardy also voluntarily converted her bankruptcy case from Chapter 13 to Chapter 7. (Doc. 1-2 at 5). This has no bearing on the court's analysis in this order, as both Chapter 7 and Chapter 13 fall within Title 11, 11 U.S.C. §§ 701–784, 1101–1195, which renders them subject to the same law governing mandatory withdrawal of the automatic reference.

[2] Although Hardy styles her motion as a "Renewed Petition," (doc. 1 at 1), it is the first such motion she has filed in this case.

(Bankr. M.D. Fla. 1998) ("Title 11 . . . of course, is the Bankruptcy Code."). This court has "original and exclusive jurisdiction of all cases under title 11," 28 U.S.C. § 1334(a), and, in the exercise of such jurisdiction, may refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . to the bankruptcy judges for the district," 28 U.S.C. § 157(a).[3] *See also Love v. MidFirst Bank*, No. 5:18-mc-938, 2018 WL 4006883, at *2 (N.D. Ala. Aug. 22, 2018) ("District courts are permitted . . . to refer all cases to the bankruptcy court to the extent that they arise under, arise in, or relate to a case under title 11."). In this court, it is standard procedure to refer all Title 11 cases to the district's bankruptcy judges, *see Thompson v. LVNV Funding, LLC*, 534 B.R. 816, 818 (N.D. Ala. June 18, 2015), and, more than forty years ago, the court adopted a standing order doing so automatically, *see In re: General Order of Reference* (N.D. Ala. July 16, 1984) ("Pursuant to 28 U.S.C. § 157(a) . . . all cases under title 11 and all proceedings arising under title 11 . . . are hereby referred to the Bankruptcy Judges for this district.").[4]

---

[3] If Hardy's assertion that "[o]riginal jurisdiction over cases arising under Title 11 is vested exclusively in this Court," (doc. 1 at 1), is intended as an argument that the bankruptcy court lacks jurisdiction over her case altogether, such a position is plainly contradicted by 28 U.S.C. § 157(a).

[4] The court's general orders are publicly available at https://www.alnd.uscourts.gov/general-orders-sorted-title.

Referral of Title 11 cases to a bankruptcy judge is not irrevocable and, as relevant here, the court must withdraw the reference upon a party's motion if it "determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d).[5] Although "[t]he Eleventh Circuit has not articulated a standard for evaluating mandatory withdrawal," *Stower v. Cornide*, No. 23-cv-20143, 2023 WL 1100454, at *2 (S.D. Fla. Jan. 30, 2023), this court has recognized that,

> [A]ll district courts within the Eleventh Circuit that have considered the issue[] have found that withdrawal should be granted **only** if the current proceeding could not be resolved without **substantial and material** consideration of the non-[Bankruptcy] Code federal law. For withdrawal to be warranted, the issues in question must require more than the mere application of well-settled or hornbook non-bankruptcy law; **significant interpretation of the non-Code statute must be required.**

*Thompson*, 534 B.R. at 818 (emphasis added) (internal quotation marks, brackets, and citations omitted). *See also Williams v. LVNV Funding LLC*, No. 7:14-mc-2055, 2014 WL 7409544, at *1 (N.D. Ala. Dec. 31, 2014) ("The majority of courts to consider the issue have found that withdrawal is mandatory only if the court can make an affirmative determination that resolution of the claims will require

---

[5] The court need not consider whether permissive withdrawal of the reference "for cause," 28 U.S.C. § 157(d), is appropriate because Hardy explicitly and solely seeks the mandatory withdrawal appropriate when a bankruptcy case significantly implicates non-bankruptcy law, (*see* doc. 1 at 1).

substantial and material consideration of those non-Code statutes which have more than a *de minimis* impact on interstate commerce."). In practice, this looks like *Cole v. MidFirst Bank*, in which this court found withdrawal to be mandatory under 28 U.S.C. § 157(d) because "in order to resolve Plaintiff's claim, a Bankruptcy Court would have to . . . review and analyze a brand new non-bankruptcy mortgage servicing regulation to determine its ambit and operation." No. 5:18-mc-1402, 2018 WL 6504433, at *3 (N.D. Ala. Dec. 11, 2018) (citation and quotation marks omitted). Thus, it is not enough for a plaintiff to argue—as Hardy does—that her case implicates non-bankruptcy law in some tangential way that merely calls upon the bankruptcy judge to apply well-settled law; withdrawal of the reference is required *only* when the case calls upon the bankruptcy court to resolve substantial questions arising under some law other than Title 11. *See Williams*, 2014 WL 7409544, at *1.

The court finds that Hardy's motion to withdraw the automatic reference is due to be denied because, unlike the movant in *Cole*, she has not shown that resolution of her bankruptcy case requires substantial consideration of material non-Title 11 law. Rather than making such an argument with specific citations to the record, Hardy relies on a single page of generalities that, at most, suggest she is unhappy with the bankruptcy court's application of well-settled law. Indeed, Hardy's single-page motion is bereft of *any* argument as to the merits of her underlying

bankruptcy case sufficient for this court to find that it substantially implicates non-Title 11 law. Instead, it focuses solely on the bankruptcy judge's management of the case.

She claims that her case raises questions about "the Fifth Amendment right to be heard and the Article III adjudication of objections to proofs of claim affecting private property rights," (doc. 1 at 1), but she offers no reason to think this case requires anything other than "the mere application of well-settled or hornbook non-bankruptcy law," *Thompson*, 534 B.R. at 818. She claims that her due process rights were violated after she "raised objections to proofs of claim" which "were not adjudicated on the merits," (doc. 1 at 1), but offers no further explanation or evidence from which this court could "make an affirmative determination that resolution of [her] claims will require substantial and material consideration" of non-bankruptcy law, *Williams*, 2014 WL 7409544, at *1. She claims the bankruptcy court "denied [her] ability to assert counterclaims and statutory rights," (doc. 1 at 1), but, again, provides no evidence or argument from which this court could find that these issues require "substantial and material consideration of . . . non-[Bankruptcy] Code federal law," *Thompson*, 534 B.R. at 818.

Hardy's motion is deficient in every way: it is vague, conclusory, and devoid of any attempt at demonstrating that her case "requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting

interstate commerce." 28 U.S.C. § 157(d). Even the most deferential reading of Hardy's motion makes clear that she is simply unhappy with the progress of her bankruptcy case. Although Hardy is entitled to more leeway than a party represented by counsel, *Dean*, 951 F.2d at 1213, the court cannot read into her motion something that is simply not there. Accordingly, her motion is due to be denied.

## III.   CONCLUSION

For all of the reasons set forth above, Hardy's Renewed Petition for Mandatory Withdrawal of the Automatic Reference, (doc. 1), is **DENIED** and her Motion for Extension of Time, (doc. 2), is **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

**DONE** and **ORDERED** on June 22, 2026.

_____
**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE

7